UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SETH RITCHIE,

                           Plaintiff,

                        vs.                                  9:08-CV-0706
                                                             (DNH)

WILLIAM HULIHAN, Superintendent; KAREN
PHILLIPS, Deputy Superintendent of Programs;
DAVID WIERNICKI, Housing Lieutenant;
JACK McDANIELS, Deputy Superintendent;
NEIL GARZA, Sergeant; GEORGE MARTIN,
Watch Commander/Lieutenant; DEBORAH
HENSLEY and CHAD BALDWIN, Correction
Officers; *et al.*,

                           Defendants.
_____

APPEARANCES:

SETH RITCHIE
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

## DECISION and ORDER

**I. Introduction**

     *Pro se* plaintiff Seth Ritchie ("plaintiff" or "Ritchie"), has filed a civil rights complaint, together with an application to proceed *in forma pauperis*. Plaintiff, is currently incarcerated at Mid-State Correctional Facility ("Mid-State"). He has also filed a motion seeking a temporary restraining order and preliminary injunctive relief. Dkt. No. 4.

Plaintiff states that he arrived at Mid-State on May 12, 2008, having previously been incarcerated at Elmira Correctional Facility. Dkt. No. 1 at 4.[1] In his complaint, plaintiff asserts numerous claims regarding the alleged violation of his constitutional rights at Mid-State during the period May 12, through June 29, 2008. He also asserts claims relating to parole proceedings conducted in February 2008. *Id*. at 12-15. Forty-nine individuals are named as defendants. For a complete statement of plaintiff's claims, reference is made to the complaint.

## II. Request for Class Action Status

Plaintiff seeks to have this action certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Dkt. No. 1 at 3. A party seeking to certify a class bears the burden of establishing the prerequisites of Rule 23. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614 (1997); *Caridad v. Metro-North Commuter RR*, 191 F.3d 283, 291 (2d Cir.1999), *cert. denied* 120 S. Ct. 1959 (2000). In accordance with Rule 23, one or more members of a class may sue as representative parties on behalf of all similarly situated individuals only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Robidoux v. Celani*, 987 F.2d 931, 935

---

[1] Plaintiff filed two civil rights cases regarding his confinement at Elmira in the United States District Court for the Western District of New York. *See Ritchie v. Bradt*, 1:08-CV-00259; *Ritchie v. Bradt*, 1:08-CV-00349.

2

(2d Cir. 1993) (citing Fed.R.Civ.P. 23(a)).  All four of these requirements must be satisfied for a court to properly certify a proceeding as a class action.

The Second Circuit has ruled that a prisoner proceeding *pro se* cannot adequately protect the interests of the class.  *Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976).  In *Phillips*, the Court stated that it is plain error to permit a prisoner who is unassisted by counsel to bring a class action on behalf of fellow inmates.  *Id*. (*citing Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Thus, plaintiff's request for class certification is denied.  Unless and until plaintiff retains counsel, and counsel enters an appearance and brings a formal motion seeking class certification, **this action shall be considered only as an action brought by plaintiff on his behalf**.

### III.  *In forma pauperis* status

Where a plaintiff seeks leave to proceed *in forma pauperis,* the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the $350.00 filing fee in full.  The Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious; or if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).

**A. Economic Need**

In this case, plaintiff has demonstrated economic need and has filed the inmate authorization form required in this District.

B. **Sufficiency of the Complaint**

Turning to the second inquiry, 28 U.S.C. § 1915(e), as amended, directs that the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
>
> \*\*\*
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, the Court must determine that a complaint can be properly maintained in the District before it may permit a plaintiff to proceed with an action *in forma pauperis*. *Id*.; see also 28 U.S.C. § 1915A(b)(1).

Plaintiff seeks to maintain this action pursuant to 42 U.S.C. § 1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by persons acting under color of state law. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); see also *Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

Plaintiff's complaint consists of a litany of claims against numerous defendants and seeks relief for the alleged violation of his rights arising under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. See Dkt. No. 1 at 3. Plaintiff claims, *inter alia*, that he was retaliated against for filing grievances (*see id.* at 5-7); denied adequate

medical care for his serious medical conditions (*see id.* at 10); and that disciplinary proceedings were conducted in violation of his due process rights (*see id.* at 10-12).

Many of plaintiff's claims relate to the alleged violation of his Sixth Amendment right to access the courts. Plaintiff claims, for example, that defendants interfered with his legal mail and improperly denied him postage (*id.* at 8-9); wrongfully withheld telephone privileges (*id*. at 9-10); and failed to provide adequate legal resources and equipment (*id*. at 15-16). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that access to the courts is a fundamental right that requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The Supreme Court more recently held that an inmate alleging a denial of access to courts must show actual injury as a result of the deficient access to the courts. *Lewis v. Casey*, 518 U.S. 343 (1996). The cause of the injury must be the inadequacy of the access. *Id*. at 351. *Cole v. Artuz*, 2000 WL 760749, *5 (S.D.N.Y. June 12, 2000) quoting *Lewis v. Casey*, 518 U.S. 343, 343 (1995). See also *Amaker v. Haponik*, 1999 WL 76798, *3 (S.D.N.Y. Feb. 17, 1999); *Warbuton v. Underwood*, 2 F.Supp.2d 306, 312 (W.D.N.Y. 1998) (plaintiff must show that a nonfrivolous claim had been frustrated or was being impeded by prison officials).

Read in a light most favorable to plaintiff, and with due regard to plaintiff's status as a *pro se* litigant, the Court nevertheless finds that the complaint, as drafted, does not state a cognizable Sixth Amendment claim for the denial of access to the courts

because plaintiff has not identified any specific legal action in which he claims to have suffered actual harm as a result of the defendants' alleged wrongdoing.

Plaintiff also seeks to assert claims arising out of the denial of parole release in approximately February 2008. *See* Dkt. No. 1 at 12-15. In order to proceed with such claims, it must appear that plaintiff enjoyed a protected liberty interest under New York State's statutory scheme for determining whether to grant or deny an application for parole. *See Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001) (per curiam). It is well-settled, however, that "the New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release," and that, as a result, prisoners in New York state are not entitled to the safeguards afforded by federal due process with respect to parole release determinations. *Barna, supra*, 239 F.3d at 171; *Boothe v. Hammock*, 605 F.2d 661, 663-64 (2d Cir. 1979).[2]

Because plaintiff has failed to establish that he enjoyed a protected liberty interest in parole release, any alleged deficiencies in the consideration of plaintiff's parole application do not state a claim upon which relief can be granted under 42 U.S.C. § 1983. Accordingly, these claims are not cognizable in this action and defendants George Alexander, Francis Herman, Lester Edwards, and John Doe - Director – Appeals Unit - NYS Division of Parole, are dismissed as defendants in this action.

---

[2] Rather, any alleged violations of procedural requirements "are matters for consideration by the state courts." *Boothe*, 605 F.2d at 665.

Based upon the foregoing, plaintiff is granted *in forma pauperis* status in this action. However, in light of the deficiencies in his original complaint, he is directed to file an amended complaint if he wishes to proceed with this action.

## IV. Amended Complaint

Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all of the claims that he wishes this Court to consider as a basis for awarding him relief. In demonstrating the sufficiency of his Sixth Amendment claims in his amended complaint, plaintiff must set forth detailed information regarding **the legal action(s) to which he is a party, the effect of the conduct complained of on each of those cases and the ultimate result(s) in such cases. Plaintiff must also set forth allegations of misconduct or wrongdoing against each individual named as a defendant in his amended complaint.** <u>Individuals dismissed as defendants by this Order shall not be named in the amended complaint</u>. No portion of the original complaint shall be incorporated into the amended complaint by reference.

Plaintiff shall file his amended complaint within **thirty (30) days** of the filing date of this Order. **Plaintiff is also advised that his failure to timely file an amended complaint may result in the dismissal of this action, without prejudice**.

## V. Motion for Preliminary Injunctive Relief

Plaintiff has filed a motion seeking a temporary restraining order and preliminary injunction. Dkt. No. 4. While not entirely clear, plaintiff appears to seek an order prohibiting defendants from engaging in further acts of wrongdoing or misconduct against him.

7

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm; and (b) either (1) a likelihood of success on the merits of the claim; or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id*. at 77 (affirming district court's denial of inmate's request for preliminary injunction); see also *Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, 1998 WL 566791, *1 (N.D.N.Y. Sept. 3, 1998) (Munson, D.J.) (citations omitted). "The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." *Id*. Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983).

Plaintiff's claim that he is likely to suffer imminent irreparable harm if the requested relief is not granted appears to be speculative at best. While plaintiff states his concern that "these people are the best at lying and covering up" their misdeeds, his claims are wholly unsupported. Dkt. No. 4 at 8. The Court also finds that plaintiff has failed to demonstrate a likelihood of succeeding on the merits of his claims, or to

8

provide evidence of sufficiently serious questions going to the merits of the claims and a balance of hardships tipping decidedly toward him. See *Covino*, 967 F.2d at 77.

Since plaintiff failed to establish the two requisite elements discussed above, his motion for a injunctive relief must be denied.

## VI. Conclusion

THEREFORE, it is

ORDERED, that

1. Plaintiff's application to proceed *in forma pauperis* is GRANTED.[3] The Clerk shall provide the Superintendent of the facility designated by plaintiff as his current location with a copy of plaintiff's inmate authorization form, notify the official that this action has been filed, and that plaintiff is required to pay the statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915;

2. The Clerk shall provide a copy of plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office;

3. George Alexander, Francis Herman, Lester Edwards and John Doe - Director – Appeals Unit - NYS Division of Parole, are DISMISSED as defendants in this action;

4. Plaintiff shall file with the Court **within thirty (30) days** of the filing date of this Order, an amended complaint which complies fully with the pleading requirements of the Federal Rules of Civil Procedure and the terms of this Order. The Clerk is directed to provide plaintiff with a blank civil rights form complaint;

---

[3] Plaintiff should note that although his *in forma pauperis* application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

5.  Upon the filing of plaintiff's amended complaint, the file shall be further reviewed;

6.  Plaintiff's request to have this action certified pursuant to Rule 23 of the Federal Rules as a class action is DENIED;

7.  Plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. No. 4) is DENIED; and

8.  The Clerk is directed to serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: July 22, 2008
       Utica, New York.

_____
United States District Judge